IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Civ. No. 1:06-mc-00167-UNA |
| | : | |
| CORAM HEALTHCARE CORP. and | : | |
| CORAM, INC., | : | Bankruptcy Court Case Nos: |
| | : | Case No. 00-3299 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Adv. Proc. No. 06-50639-MFW |
| ARLIN M. ADAMS, as Chapter 11 | : | |
| Trustee of the Bankruptcy | : | |
| Estates of Coram Healthcare | : | |
| Corp. and Coram, Inc., | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | |
| | : | |
| GENESIS INSURANCE COMPANY, | : | |
| | : | |
| Defendant-Appellant. | : | |

**BRIEF OF DEFENDANT-APPELLANT GENESIS INSURANCE CO. IN
RESPONSE TO THE TRUSTEE'S CROSS-MOTION TO DISMISS GENESIS'S
APPEAL OF THE AUGUST 7, 2006 BANKRUPTCY COURT ORDER**

Carmella P. Keener (DSBA No. 2810)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19801
OF COUNSEL:                            302.656.4433
Lewis K. Loss                          ckeener@rmgglaw.com
Thomas J. Judge
Thompson, Loss & Judge, LLP            Attorneys for Defendant-Appellant
1919 Pennsylvania Avenue, N.W.         Genesis Insurance Company
Suite M-200
Washington, D.C. 20006-3458
    Tel: (202) 772-5170
    Fax: (202) 772-5180

Filed September 13, 2006

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 2

I.      COURTS IN THIS CIRCUIT ROUTINELY APPLY A PRAGMATIC
        APPROACH TO FINALITY IN ADVERSARY PROCEEDINGS ...................... 2

II.     THE AUTHORITIES CITED BY THE TRUSTEE ARE INAPPOSITE ............. 4

CONCLUSION ................................................................................................................ 7

## TABLE OF AUTHORITIES

### FEDERAL CASES

*718 Arch St. Associates, Ltd. v. Blatstein (In re Blatstein)*,
   192 F.3d 88 (3d Cir. 1999)........................................................................................................3

*Allegheny International, Inc. v. Allegheny Ludlum Steel Corp.*,
   920 F.2d 1127 (3d Cir. 1990)....................................................................................................3

*Belli v. Temkin (In re Belli)*, 268 B.R. 851 (9th Cir. 1988) .............................................................5

*Binder v. Price Waterhouse & Co., LLP (In re Resorts International, Inc.)*,
   372 F.3d 154 (3d Cir. 2004)......................................................................................................6

*Buncher Co. v. Official Committee of Unsecured Creditors of Genfarm Ltd.
   Partnership IV*, 229 F.3d 245 (3d Cir. 2000).........................................................................2, 4, 6

*Clark v. First State Bank  (In re White Beauty View, Inc.)*,
   841 F.2d 524 (3d Cir. 1988)...................................................................................................4, 5

*Columbia Gas System, Inc. v. First National Bank of Boston (In re Columbia Gas
   System, Inc.)*, 182 B.R. 397 (D. Del. 1995) .................................................................................3

*In re Combustion Engineering*, 391 F.3d 190 (3d Cir. 2005)..........................................................6

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34 (3d Cir. 1993) ....................................6

*Gibbons v. Stemcor USA, Inc. (In re B.S. Livingston & Co.)*,
   186 B.R. 841 (D.N.J. 1995) ...............................................................................................3, 4, 5

*Natale v. French & Pickering Creeks Conservations Trust, Inc. (In re Natale)*,
   295 F.3d 375 (3d Cir. 2002)...................................................................................................4, 5

*Porter v. Mid-Penn Consumer Discount Co. (In re Porter)*,
   961 F.2d 1066 (3d Cir. 1992)....................................................................................................3

*Southeastern Sprinkler Co. v. Meyertech Corp. (In re Meyertech Corp.)*,
   831 F.2d 410 (3d Cir. 1987)......................................................................................................2

*United States v. Nicolet, Inc.,* 857 F.2d 202 (3d Cir. 1988)............................................................6

## STATUTES AND RULES

28 U.S.C. § 158 ..................................................................................................................1, 2, 4

Fed. R. Civ. P. 54 ..................................................................................................................5

Fed. R. Bankr. P. 7054 ..........................................................................................................5

Fed. R. Bankr. P. 8003 ..........................................................................................................2

Fed. R. Bankr. P. 8011 ..........................................................................................................1

## INTRODUCTION

Pursuant to Federal Rule of Bankruptcy Procedure 8011(a), Defendant Genesis
Insurance Company ("Genesis") submits this response in opposition to the Cross-Motion
of Plaintiff, Arlin M. Adams ("Trustee"). As set forth herein, the Trustee's Cross-Motion
misconstrues the standard governing finality and otherwise misreads relevant Third
Circuit precedent in that regard. When properly interpreted, the governing pragmatic
approach to finality yields the conclusion that the August 7, 2006, order (the "August 7
Order") of the bankruptcy court denying Genesis's motion to dismiss the Trustee's
complaint in this action is a final order that is subject to immediate review.

## PROCEDURAL BACKGROUND

On August 18, 2006, Genesis filed its notice of appeal (D.I. 32) and a motion for
leave to appeal (D.I. 30) the August 7 Order of the bankruptcy court denying Genesis's
motion to dismiss the complaint (D.I. 1) in this adversary proceeding for lack of subject
matter jurisdiction (D.I. 29). In its motion and brief (D.I. 31), Genesis argued that the
August 7 Order constitutes a final, appealable order within the meaning of 28 U.S.C. §
158(a). Alternatively, Genesis argued in the event that the Court determines that the
August 7 Order is not "final" for purposes of § 158(a)(1), the Court should exercise its
discretion and grant Genesis leave to appeal pursuant to § 158(a)(2). On September 1,
2006, the Trustee filed his Answering Brief (i) in opposition to Genesis's motion for
leave to appeal and (ii) in support of the Trustee's cross-motion to dismiss Genesis's
appeal (D.I. 49, 50). The Trustee contends that the August 7 Order is not "final" under
applicable standards and that the circumstances do not warrant the Court granting
Genesis leave to appeal. Genesis submits this brief in response to the arguments

advanced by the Trustee with respect to the finality of the August 7 Order incorporated into his cross-motion.[1]

## ARGUMENT

## I.   COURTS IN THIS CIRCUIT ROUTINELY APPLY A PRAGMATIC APPROACH TO FINALITY IN ADVERSARY PROCEEDINGS

"In the context of bankruptcy cases, the definition of a final order is less than crystalline." *Southeastern Sprinkler Co. v. Meyertech Corp.* (*In re Meyertech Corp.*), 831 F.2d 410, 414 (3d Cir. 1987). However, in bankruptcy matters, the Third Circuit has "consistently considered finality in a more pragmatic and less technical sense than in other matters" and has instructed that, "the concept for purposes of appellate jurisdiction, should be viewed functionally." *Id.* Significantly, when it so observed, the *Meyertech* court was addressing the appealability of a ruling in an adversary proceeding. *See id.* at 412.

The Trustee contends that the Court may not apply this pragmatic, functional approach in delineating the scope of its appellate jurisdiction because adversary proceedings are subject to the same rules of appealability as those governing all other civil matters. Trustee's Br. at 8. However, *Meyertech*, as well as subsequent decisions, expressly apply the functional approach to finality in appeals of rulings rendered in adversary proceedings, and confirm that the Court may properly use it here. *See Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV*, 229 F.3d 245,

---

[1] Federal Rule of Bankruptcy 8003,which governs motions for leave to appeal, provides for an "answer in opposition" by an adverse party to such a motion, but the rule does not provide for a reply thereto. Fed. R. Bankr. P. 8003(a). Accordingly, Genesis will not further argue its position with respect to the propriety of granting leave to appeal in the event that the Court determines that the August 7 Order is not "final." However, Genesis's limitation of the scope of this response to the arguments unique to the Trustee's cross-motion that address the finality question should not be construed as a waiver by Genesis with respect to its request for leave to appeal pursuant to 28 U.S.C. 158(a)(2).

250-1 (3d Cir. 2000) (applying "relaxed standard of finality" applicable to bankruptcy cases in considering appeal arising from partial remand of adversary proceeding); *718 Arch St. Assocs., Ltd. v. Blatstein* (*In re Blatstein*), 192 F.3d 88, 94-95 (3d Cir. 1999) (same); *Porter v. Mid-Penn Consumer Discount Co.* (*In re Porter*), 961 F.2d 1066, 1072 (3d Cir. 1992) (exercising appellate jurisdiction over district court decision in adversary proceeding despite need for further litigation on the merits based upon "a more 'pragmatic' approach to hearing bankruptcy appeals"); *Columbia Gas Sys., Inc. v. First Nat'l Bank of Boston* (*In re Columbia Gas Sys., Inc.*), 182 B.R. 397, 399 (D. Del. 1995) (applying *Meyertech* finality standard in assessing finality of bankruptcy court's order denying summary judgment in adversary proceeding); *see also Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1132 (3d Cir. 1990) (ultimately declining appellate jurisdiction over denial of motion to transfer adversary proceeding based on unique procedural posture but applying *Meyertech* "flexible, pragmatic definition" of finality in making determination).

It is thus clear that courts in this Circuit have applied the practical approach to finality not only in general bankruptcy matters but also adversary proceedings. Indeed, the only authority adduced by either party addressing precisely the question before this Court—whether a bankruptcy court's denial of a motion to dismiss an adversary proceeding for lack of subject matter jurisdiction constitutes a final order for purposes of appeal—embraced and applied the Third Circuit's functional approach to finality. *See* Genesis's August 18 Opening Brief at 9-10 (discussing *Gibbons v. Stemcor USA, Inc.*, (*In re B.S. Livingston & Co.*), 186 B.R. 841, 849-50 (D.N.J. 1995)). The Trustee does not acknowledge, let alone counter, this authority. This failure is perhaps unsurprising, as the

-3-

fundamental pragmatism of *B.S. Livingston* is compelling. *Id.* at 849-50 ("It would seem extraordinarily impractical to await the outcome of this litigation on the merits before determining [the subject matter jurisdiction] issue."). Indeed, the Third Circuit has echoed this sentiment in another adversary proceeding: "From a pragmatic standpoint, resolution of this matter must be made at some point, and expeditious disposition would best serve the interests of all concerned." *Buncher Co.*, 229 F.3d at 250.

The Trustee tacitly concedes that under this functional finality test the August 7 Order constitutes a final order as he makes no effort to address *B.S. Livingston* or the obvious economy of resolving the scope of the bankruptcy court's jurisdiction at this juncture before proceedings advance substantially in that forum. Moreover, ample Third Circuit precedent demonstrates the propriety of applying that functional approach here. Accordingly, the Court should conclude that the August 7 Order is a final one appealable under § 158(a)(1).

## II.    THE AUTHORITIES CITED BY THE TRUSTEE ARE INAPPOSITE

Despite *Meyertech* and its progeny, including the only case in this Circuit directly on point, the Trustee accuses Genesis of "ignor[ing] the appropriate legal standard." Trustee's Br. at 2. Instead, the Trustee argues, generally applicable rules of finality govern adversary proceedings. The authorities cited by the Trustee, however, are wholly distinguishable and do not preclude application of the functional *Meyertech* approach here.

While the Trustee reads *Natale v. French & Pickering Creeks Conservations Trust, Inc. (In re Natale)*, 295 F.3d 375 (3d Cir. 2002), and *Clark v. First State Bank (In re White Beauty View, Inc.)*, 841 F.2d 524 (3d Cir. 1988), expansively to proscribe use of the *Meyertech* functionality test in the context of adversary proceedings, those cases do

-4-

not address a threshold jurisdictional question such as that presented here. *See* Trustee's Br. at 8.[2] The *Natale* and *White Beauty View* courts considered questions of appealability with respect to decisions on the merits of disputes that did not dispose of all claims by all parties involved. In the absence of Rule 54 certifications, *see* Fed. R. Bankr. P. 7054, those courts held that those specific adjudications on the merits were not final for purposes of appeal. *Natale*, 295 F.3d at 379; *White Beauty*, 841 F.2d at 526. The rule emerging from *White Beauty* is that general concepts of appealability applicable to civil matters also apply to "a bankruptcy court order *adjudicating* a specific adversary proceeding." *White Beauty*, 841 F.2d at 526 (emphasis added). Unlike the circumstances presented by *Natale* and *White Beauty*, the bankruptcy court here did not adjudicate the merits of the Trustee's complaint; rather, the court's power to adjudicate the merits is itself the disputed issue. Such threshold questions do not implicate the concerns embodied in Fed. R. Civ. P. 54, which forecloses piecemeal appeals once the court has taken up some, but not all, of the merits. Where the issue presented is one of jurisdiction, the more flexible finality analysis continues to apply. That is precisely the approach taken in *B.S. Livingston,* which is consistent with *Meyertech* and the other cases cited above.

Further, Plaintiff simply reads *Natale* and *White Beauty* too broadly. Those decisions do not dictate a traditional finality analysis with respect to all decisions rendered in an adversary proceeding. Instead, the standard governing whether the

---

[2] In addition to *Natale* and *White Beauty View*, the other ostensible Third Circuit authority relied upon by the plaintiff is *Belli v. Temkin* (*In re Belli*), 268 B.R. 851 (9th Cir. 1988). While the Trustee's brief identifies *Belli* as a *Third* Circuit authority, Trustee's Br. at ii, 8, *Belli* is actually a decision by the Ninth Circuit. Irrespective of its circuit of origin, however, the case's holding is of limited import for the reasons explained herein.

-5-

pragmatic finality approach may be applied turns not on whether the order at issue arises

from an adversary proceeding but whether the "appeal raises an issue peculiar to

bankruptcy." *United States v. Nicolet, Inc.,* 857 F.2d 202, 207 (3d Cir. 1988); *see also*

*Commerce Bank v. Mountain View Village, Inc.*, 5 F.3d 34, 37 (3d Cir. 1993) ("we do

adhere to the traditional, less flexible standard of finality when no countervailing

bankruptcy considerations are present.").

Here, the August 7 Order manifestly "raises an issue peculiar to bankruptcy," and

"countervailing bankruptcy considerations are present." Rather than the undefined

"piecemeal" issues railed against by the Trustee, Genesis's appeal concerns the

fundamental issue of the scope of the bankruptcy court's adjudicative authority. As the

Third Circuit has admonished, "the boundaries of bankruptcy jurisdiction cannot be

extended simply to facilitate a particular plan of reorganization, even if we perceive the

plan to be in the public interest." *In re Combustion Eng.*, 391 F.3d 190, 228-29 (3d Cir.

2005). The limitations on bankruptcy jurisdiction assume heightened importance in this

post-confirmation dispute "because bankruptcy court jurisdiction 'must be confined

within appropriate limits and does not extended indefinitely, particularly after the

confirmation of a plan and the closing of a case.'" *Binder v. Price Waterhouse & Co.,*

*LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 164 (3d Cir. 2004) (internal citation

omitted). The instant appeal thus squarely presents an elemental question unique to the

bankruptcy context. As such, the finality of the August 7 Order should be evaluated

according to the principles applicable to issues "peculiar to bankruptcy."

## CONCLUSION

Here, there is simply no reason to cast aside the pragmatic approach regarding

finality applied in *Meyertech* and its progeny for the unsubstantiated concerns regarding

piecemeal litigation and judicial efficiency alluded to by the Trustee. To the contrary, the

pragmatism underlying this Circuit's approach to finality in the bankruptcy context

compels the conclusion that the August 7 Order of the Bankruptcy Court should be

deemed "final" for purposes of this Court's appellate jurisdiction. Accordingly, for the

reasons set forth above and in Genesis's Opening Brief, Genesis respectfully requests that

the Court deny the Trustee's cross-motion to dismiss this appeal.

Dated this 13th day of September 2006

> Respectfully Submitted,
> ROSENTHAL, MONHAIT & GODDESS, P.A.

OF COUNSEL:
Lewis K. Loss
Thomas J. Judge
Thompson, Loss & Judge, LLP
1919 Pennsylvania Avenue, N.W.
Suite M-200
Washington, D.C. 20006-3458
  Tel: (202) 772-5170
  Fax: (202) 772-5180

By: /s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19801
302.656.4433
ckeener@rmgglaw.com

Attorneys for Defendant-Appellant
Genesis Insurance Company

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, Esquire, hereby certify that on September 13, 2006, I caused to be electronically filed with the Clerk of the Court **BRIEF OF DEFENDANT-APPELLANT GENESIS INSURANCE COMPANY IN RESPONSE TO THE TRUSTEE'S CROSS-MOITON TO DISMISS GENESIS'S APPEAL FO THE AUGUST 7, 2006 BANKRUPTCY ORDER** using CM/ECF, which will send notification of such filing to the following:

> Michael Jason Barrie, Esquire
> Schnader Harrison Segal & Lewis LLP
> 824 Market Street
> Suite 1001
> Wilmington, DE 19801

> /s/ Carmella P. Keener
> Carmella P. Keener (DSBA No. 2810)
> ROSENTHAL, MONHAIT & GODDESS, P.A.
> 919 N. Market Street, Suite 1401
> Citizens Bank Center
> Wilmington, DE 19801
> (302) 656-4433
> ckeener@rmgglaw.com
> *Attorneys for Defendant*
> *Genesis Insurance Company*

-8-