IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CORAM HEALTHCARE CORP. and ) | Bky. No. 00-3299(MFW) |
| CORAM, INC., ) | |
| ) | |
| Debtors. ) | |
| | |
| ARLIN M. ADAMS, as Chapter ) | Adv. No. 06-50639(MFW) |
| 11 Trustee, ) | |
| ) | |
| Plaintiff/Appellee, ) | |
| ) | |
| v. ) | Misc. No. 06-167-SLR |
| ) | |
| GENESIS INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Appellant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 1st day of March, 2007, having reviewed the papers filed in connection with the motion for leave to file an appeal, submitted by Genesis Insurance Company ("Genesis");

IT IS ORDERED that said motion (D.I. 1) is denied, for the reasons that follow:

1. On August 7, 2006, the bankruptcy court entered an order denying Genesis' motion to dismiss, for lack of subject matter jurisdiction, a complaint filed against Genesis in the above captioned adversary proceeding, <u>Adams v. Genesis Insurance Co.</u>, Adv. No. 06-50639(MFW).

2. Pursuant to 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from both final and interlocutory judgments, orders and decrees of bankruptcy judges. Indeed, there is a "relaxed view of finality in the bankruptcy setting as a whole" because bankruptcy proceedings "often are protracted and involve numerous parties with different claims." In re Natale, 295 F.3d 375, 378-79 (3d Cir. 2002).

3. Although finality is viewed pragmatically in bankruptcy proceedings generally, e.g., where the bankruptcy court is ushering a debtor toward reorganization or liquidation, adversary proceedings are more akin to civil cases filed in district courts, i.e., a plaintiff sues a defendant over discrete claims. Consequently, "in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation." Id. at 379.

4. Generally, the denial of a case or issue dispositive motion is not appealable. See, e.g., Harrison v. Nissan Motor Corp., 111 F.3d 343, 347 (3d Cir. 1997) ("The denial of a motion to dismiss for lack of subject matter jurisdiction is not appealable."); In re Smith, 735 F.2d 459, 461 (11th Cir. 1984) (denial of summary judgment by a bankruptcy judge is not a final order); see generally Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989) (declining to hear an interlocutory appeal where the

defendant was claiming that suit was not properly before the particular court because it lacked jurisdiction).

5.  Given the reasoning above, the denial of a motion to dismiss is not an appealable order and, therefore, defendant Genesis' motion for leave to appeal is denied.

                                                               /s/ Sue L. Robinson
                                                           United States District Judge